RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  1 / 14 / 11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **VINCENT MICHAEL MARINO** | DOCKET NO. 10-CV-1413, SEC. P |
| **VERSUS** | JUDGE DEE D. DRELL |
| **W.A. SHERROD, ET AL.** | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the court the pro se habeas corpus petition of Vincent Michael Marino, filed pursuant to 28 U.S.C. §2241. Petitioner is incarcerated at the United States Penitentiary in Pollock, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that Petitioner's claim be dismissed.

### *Allegations*

Petitioner filed suit regarding the conditions of his confinement. He complains that he was retaliated against for exercising his First Amendment rights and that his rights under the First, Fifth, and Sixth Amendments were violated. He seeks injunctive relief.

### *Law and Analysis*

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. §2241. A petition for writ of habeas corpus is the proper procedural vehicle for challenging the <u>fact</u> or <u>duration</u> of confinement. See <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973).

However, Petitioner's claim concerns the <u>conditions</u> of his confinement. A *civil rights action* is the proper remedy for a prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. See <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 499 (1973).

Thus, Petitioner's claim is actually a civil rights claim that should have been filed pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,</u> 403 U.S. 388 (1971). In <u>Bivens</u>, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. §1983.

Therefore, **IT IS RECOMMENDED** that the petition be **DISMISSED** for failure to state a claim for which habeas relief can be granted. If Petitioner wishes to pursue his constitutional claim, he should file a civil rights action under <u>Bivens</u>.[1]

**The Clerk is directed to send Petitioner the forms for filing a civil rights action and for proceeding in forma pauperis.**

---

[1] Petitioner requests that he receive an MRI of his "entire body" to determine if he has been implanted with any type of device. Petitioner is cautioned that the filing of frivolous claims will result in a dismissal under 28 U.S.C. §1915, which counts as a "strike" under §1915(g). If he accumulates three strikes under §1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." See § 1915(g).

2

Under the provisions of 28 U.S.C. Section 636(b)(1)©) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this ___ day of January, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE